UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10114-RGS

MOHAMMAD SHAHAB DEHGHANI HOSSEIN ABADI

v.

U.S. CUSTOMS AND BORDER PROTECTION,
MARK A. MORGAN, et al.

MEMORANDUM AND ORDER
ON PETIONER'S MOTION
FOR WRIT OF HABEAS CORPUS

January 23, 2020

STEARNS, D.J.

As the court stated at the January 21, 2020 hearing, the petition for writ of habeas corpus will be denied as moot.   United States immigration law can be perplexingly complex given the seemingly conflicting intersections between the constitutional pronouncements of the Supreme Court, the various circuit courts of appeals, and the Congressionally enacted 1965 Immigration and Naturalization Act (INA).   Several fundamental points are, however, clear.

The plenary power of Congress to regulate the admission and exclusion of persons presenting themselves at the U.S. border is at its zenith with respect to nonresident aliens.   *See Zadvydas v. Davis*, 533 U.S. 678, 693,

695 (2001) (noting that the "distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law," and equating "the political branches' authority to control entry" with "the Nation's armor") (internal quotation omitted).[1]   The INA authorizes the Department of Homeland Security (DHS) to remove aliens arriving at the United States by one of two procedures, expedited removal (which is at issue here), or by way of a formal proceeding before an immigration judge.   In the first instance, the non-resident alien is not entitled to a hearing, while in the second he is.[2] The choice of procedures lies within the discretion of DHS.

---

[1] Petitioner's assertion that he "entered" the United States upon deplaning at Logan Airport is simply wrong as a matter of law. While Boston's Logan Airport is within the sovereign jurisdiction of the United States, an alien is not admitted to the United States until border formalities are completed and permission to enter is granted.   *See* 8 U.S.C. § 1101(a)(13); *Nishimura Eiku v. United States*, 142 U.S. 651, 659 (1892). *Cf. United States v. Verdugo-Urquidez*, 494 U.S. 259 (1990).

[2] The law is different with respect to returning lawful permanent residents of the United States.   *See Landon v. Plasencia*, 459 U.S. 21, 33-34 (1982) ("[T]he returning resident alien is entitled as a matter of due process to a hearing on the charges underlying any attempt to exclude him.") (quoting *Rosenberg v. Fleuti*, 374 U.S. 449, 460 (1963)).   A non-resident alien may also have a due process right to relief if he is subjected to prolonged detention or harsh conditions of confinement, although the matter remains undecided by the High Court.   *See Jennings v. Rodriguez*, 138 S. Ct. 830, 851 (2018).

In any event, INA 8 U.S.C. § 1252(a)(5) divests a district court of any power of judicial review: "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be *the sole and exclusive means* for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e)." (Emphasis added).   Subsection (e) further bars the issuance of equitable relief in any matter involving expedited removal with certain habeas corpus exceptions.   *See* 8 U.S.C. § 1252(e)(2).   The constitutionality of this jurisdiction-stripping provision is presently before the Supreme Court.   *See Dep't of Homeland Sec. v. Thuraissigiam*, _ S. Ct. _, No. 19-161, 2019 WL 5281289 (Mem.) (Oct. 18, 2019).[3]

Leaving this issue to the Supreme Court to determine, one particularly pertinent matter has been definitively resolved against the petitioner: no claim to a personal constitutional right is in play.   As the Court made clear

---

[3] In *Thuraissigiam v. Dep't of Homeland Sec.*, 917 F.3d 1097, 1115, 1119 (9th Cir. 2019), the Ninth Circuit declared unconstitutional the INA limitation on judicial review of expedited removal orders, and remanded the case to the district court to consider Thuraissigiam's "legal challenges to the procedures leading to his expedited removal order."   The case is on hold awaiting a decision by the Supreme Court. *Compare Castro v. Dep't of Homeland Security*, 835 F.3d 422, 448-449 (3d Cir. 2016) (habeas proceedings for nonresident arriving aliens are not constitutionally required, nor is Congress obligated to provide an adequate alternative).

in *Trump v. Hawaii*, 138 S. Ct. 2392, 2419 (2018), "foreign nationals seeking admission have no constitutional right to entry . . . ." Moreover, any "searching inquiry" into the motivation of the Executive Branch in excluding a class of aliens generally "is inconsistent with the broad statutory text [of the INA] and the deference traditionally accorded the President in this sphere."   *Id.* at 2409; s*ee also United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542 (1950) ("At the outset we wish to point out that an alien who seeks admission to this country may not do so under any claim of right. Admission of aliens to the United States is a privilege granted by the sovereign United States Government.").

The issue of the availability of habeas corpus, however, in the present state of the law (pending *Thuraissigiam*), offers an avenue, albeit a narrow one, for possible relief.   *See Shaughnessy v. Mezei*, 345 U.S. 206, 213 (1953) ("[The alien's] movements are restrained by authority of the United States, and he may by habeas corpus test the validity of his exclusion.").   There is, however, a fundamental problem as the very definition of habeas corpus reveals.   As translated from the Latin, the literal meaning is "you shall have the body."   At law, the writ of habeas corpus is a court order demanding that a public official produce a person in his or her custody to the court with an

4

explanation of the reason for detention.    Without a body, as is the case here, there can be no grant of the writ.    Consequently, so much of the Emergency Petition that seeks relief by way of a grant of habeas corpus is dismissed as moot.

As the court indicated at the hearing, it is not at this time taking any position on the remaining claims of the petition or demands for relief, nor on any issue relating to Judge Burroughs's emergency order.[4]   The court has left the case open for that reason.[5]

ORDER

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED as moot.    The court reserves judgement in all other matters except those identified in footnote 4.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[4] There are two exceptions as I stated at the hearing.    I remain of the view that I have no authority to order DHS to locate the petitioner and arrange for his return to the United States.    Nor do I believe that counsel's suggestion that I order the Republic of Iran to do so has any practical consequence, as I do not believe the present regime in Iran is inclined to comply with orders of U.S. courts, or France for that matter.

[5] With Judge Burroughs's assent, any further litigation related to her order will be heard in this session.